


UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-62-2FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) MEMORANDUM OF PLEA AGREEMENT |
| | ) |
| CRE PROPERTIES, LLC | ) |

The United States of America ("Government"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, CRE PROPERTIES, LLC, with the concurrence of the Defendant's attorney, Paul J. Stainback, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the plea agreement. There are no other terms of this agreement in addition to or different from the terms herein.

2. The Defendant agrees:

    a. To plead guilty to the Indictment filed herein.

    b. To make restitution to any victim, in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due and payable immediately.

    c. To make restitution to the United States Department of Housing and Urban Development in the amount of:



$4,668,586. The Defendant further agrees to execute a post-judgment agreement with the government setting forth a payment schedule of such restitution and any other terms deemed necessary by the government to insure restitution of the entire amount prior to the expiration of any sentence imposed by the Court. The Defendant further recognizes that this figure may increase based upon any defaults on those loans that were fraudulently obtained, but remain active.

d.  To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence of imprisonment in excess of the advisory Guideline range, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The Defendant acknowledges that the advisory

Guideline sentence mentioned above is not a promise of any particular sentence and is not binding on the Court. The Defendant agrees that should the sentence imposed exceed the advisory Guideline range, this would not affect the validity of the guilty plea, but merely would allow the Defendant to appeal a sentence in excess of the applicable advisory Guideline range. The foregoing appeal waiver does not constitute a waiver by the United States of any of its rights to appeal provided by law.

e. To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

f. To assist the Government in the recovery and forfeiture of any assets which facilitated and/or were acquired through unlawful activities, including all such assets in which the Defendant has any interest or control. Specifically, the

Defendant agrees to voluntarily forfeit and relinquish to the government the property specified in the Indictment. The Defendant further agrees to sign any documents necessary to effectuate the forfeiture and waives any further notice. In addition, the Defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Indictment. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations. Forfeited firearms may be ordered destroyed.

g. In addition to the foregoing, the Defendant agrees to forfeit to the United States the personal and real property, and other assets, set forth in Attachment A hereto. The Defendant will further certify that Attachment A is a true and accurate representation of all additional corporate assets not previously set forth in the Indictment and which are subject to forfeiture.

h. To pay a special assessment of $400.00 per count, pursuant to the provisions of 18 U.S.C. § 3013.

The assessment shall be paid by the Defendant prior to the return of the signed Plea Agreement to the United States Attorney's Office. The Defendant or Defendant's counsel shall mail a check in payment of the assessment directly to the Clerk of Court, U.S. District Court for the Eastern District of North Carolina. Counsel shall provide a copy of the check or money order with the signed Plea Agreement to the United States Attorney certifying compliance with this provision.

i. To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

j. To testify, whenever called upon to do so by the Government, fully and truthfully in any proceeding and to disclose fully and truthfully in interviews with Government agents, information concerning all conduct related to the Indictment, and any other crimes in the Eastern District of North Carolina of which the Defendant has knowledge. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant at any judicial proceeding,

-5-

including trial and sentencing, if the Defendant withdraws from this plea agreement and fails to proceed with this Rule 11 hearing, or subsequent to the Rule 11, seeks to withdraw from this plea agreement and proceed to trial. The Designated Employee for purposes of testimony is Donald W. Gupton.

k. If the Defendant, through its Designated Employee, provides false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by the Defendant, and the Defendant shall be subject to prosecution for any federal criminal violation not barred by the applicable statute of limitations or other legal prohibition. Any information provided by the Defendant may be used against the Defendant in such a prosecution.

l. To withdraw from and to agree not to participate in any joint defense agreement, informal or formal, in connection with the defense by anyone of any potential criminal charges relating to the conduct covered by the Indictment. The Defendant agrees to submit a written statement, signed by counsel and the Designated Employee, reflecting this commitment

to the USAO-EDNC prior to entry of the plea agreement.

 m. To waive the attorney-client privilege and work product privilege to any and all documents related to the factual internal investigation and any contemporaneous advice given to the corporation concerning the conduct set forth in the Indictment. This waiver does not extend to communications and work-product related to advice concerning this criminal investigation. Such waiver shall be in writing and completed upon execution of this agreement. Subject to the foregoing, all documents previously withheld from the government on the basis of the privilege will be turned over to the investigating agency within two weeks of entry of the Plea Agreement.

3. The Defendant represents:

 a. That the Defendant has had the assistance of an attorney in connection with the charge against it. That the attorney has carefully reviewed this plea agreement with those persons designated by law and its bylaws to act on behalf of the Defendant (hereinafter referred to as "Designated Employee") and that this plea agreement has been signed by a

person authorized by law and the bylaws of the Defendant to execute agreements on behalf of the Defendant.

b.  That it has filed with the Court prior to entry of this plea agreement the original resolution from the board of directors (or equivalent written authorization as recognized by law) which gives the authority described in paragraph (a) above to the Designated Employee and which authorizes such employee to execute the plea agreement on behalf of the Defendant.

c.  That its Designated Employee has reviewed and discussed the Indictment in this matter with the Defendant's attorney and that the attorney has explained the Government's evidence to that Designated Employee.

d.  That as a corporation, it is liable for the criminal acts of its employees acting within the scope of their employment for the benefit of the corporation.

e.  That it understands that the USAO-EDNC does not make the decisions regarding suspension and debarment, and that such decisions are committed to the discretion of the federal agency.

4. The Defendant understands:

   a. That as to the Counts of the Indictment to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

**COUNT ONE**

   (1) Charge: Conspiracy to commit mail fraud, wire fraud, bank fraud, and material false statements

   (2) Statute: 18 U.S.C. § 371

   (3) Offense Dates: 1999 - December 2002

   (4) Elements:

   First: The Defendant, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons to commit an offense against the United States; to wit, mail fraud, wire fraud, and material false representations; and

   Second: that an overt act was committed in furtherance of some objective of the conspiracy.

   (5) Maximum term of probation for a corporation: 5 years pursuant to USSG §8D1.2(a)(2)

   (6) Minimum term of probation for a corporation: 0 year pursuant to USSG §8D1.2(a)(2)

   (7) Maximum fine: the greater of $ 500,000.00 or twice the gross gain pursuant to 18 U.S.C. §§ 3571(c) and (d).

   (8) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) and (c) above.

   (9) Special assessment: $400.00.

-9-

(10) Other penalties: Forfeiture.

**COUNT TWO**

(1) Charge: Conspiracy to commit money laundering

(2) Statute: 18 U.S.C. § 1956(h)

(3) Offense Dates: 1999 - December 2002

(4) Elements:

<u>First</u>: The Defendant did combine, conspire, agree, and confederate with others to commit offenses against the United States, that is, money laundering in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i); and

<u>Second</u>: The Defendant, knowing the unlawful purposes of the plan, willfully joined in it.

(5) Maximum term of probation for a corporation: <u>5</u> years pursuant to USSG §8D1.2(a)(2)

(6) Minimum term of probation for a corporation: <u>0</u> year pursuant to USSG §8D1.2(a)(2)

(7) Maximum fine: <u>the greater of $ 500,000.00 or twice the gross gain pursuant to 18 U.S.C. §§ 3571(c) and (d)</u>.

(8) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) and (c) above.

(9) Special assessment: $400.00.

(10) Other penalties: Forfeiture.

b. That any sentence imposed will be without parole.

c. That the Court is not bound by any sentence recommendation or agreement as to the application

-10-



of the United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

d.  That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

5.  The Government agrees:

a.  That it reserves the right to make a sentencing recommendation.

b.  That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions filed by the Defendant.

c.  That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Indictment; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

d.  That it will make known to the Court at sentencing

the full extent of the Defendant's cooperation, but the Government is not promising to move for departure pursuant to USSG §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35.

e. Pursuant to USSG §1B1.8, that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable Guideline range, except as provided by USSG §1B1.8 and except as stated in this Agreement. The Government will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

f. That the USA-EDNC agrees not to use any information provided by Defendant pursuant to this agreement to prosecute him for additional crimes, except for crimes of violence, and not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this Agreement.

6. The parties agree to the following positions as to sentencing factors, which are not binding on the Court, provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the Government is no longer bound to its position as to those factors:

a.  The intended loss as a result of the fraud, as well as the amount of funds laundered, was more than $7,000,000, but less than $20,000,000. USSG §2B1.1(b)(1). Specifically, the total intended loss to the U.S. Department of Housing and Urban Development was $11,134,262.

b.  The base fine level is $6,300,000. USSG §8C2.4.

c.  A 1-level downward adjustment for acceptance of responsibility is appropriate. USSG §8C2.5(g)(3).

d.  No basis for a downward departure under USSG §8C4.1 through §8C4.11 exists.

This the 26th day of June, 2006.

FRANK D. WHITNEY
United States Attorney

BY: BANUMATHI RANGARAJAN
Assistant United States Attorney
Criminal Division

CRE PROPERTIES, LLC
Defendant

BY: _____
Authorized Company Official

_____
PAUL J. STAINBACK
Attorney for the Defendant

APPROVED, this 18th day of July, 2006.

_____
HONORABLE LOUISE W. FLANAGAN
Chief United States District Judge
JAMES E. GATES
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT A TO
MEMORANDUM OF PLEA AGREEMENT


ACKNOWLEDGMENT

By signing below, and by my initials on each page hereafter, I hereby certify that I have reviewed Attachment A and that it is an accurate representation of additional assets subject to forfeiture.


CRE PROPERTIES, LLC
Defendant

BY: _____
    Authorized Company Official

_____
PAUL J. STAINBACK
Attorney for the Defendant

# C R E PROPERTIES LLC
## Warren County

### REAL PROPERTY

| ADDRESS | COUNTY | DEED BOOK/PAGE | PLAT BOOK/PAGE | TAX MAP # | PROPERTY ID # | LEGAL DESCRIPTION | APPRAISED VALUE |
|---|---|---|---|---|---|---|---|
| Lt 2 Baltimore Pines Ponderosa Lane | Warren | 703/946 | 1/163A/9 | F6 222 | 21230 | .59 acres | 2,950.00 |
| Lt 3 Baltimore Pines Ponderosa Lane | Warren | 703/946 | 1/163A/9 | F6 223 | 21231 | 1.11 acres | 5,550.00 |
| Lt 4 Baltimore Pines Ponderosa & Long Leaf Lanes | Warren | 703/946 | 1/163A/9 | F6 224 | 21232 | .88 acres | 4,400.00 |
| Lt 5 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 225 | 21233 | .57 acres | 2,850.00 |
| Lt 6 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 226 | 21234 | .57 acres | 2,850.00 |
| Lt 7 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 227 | 21235 | .57 acres | 2,850.00 |
| Lt 8 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 228 | 21236 | .58 acres | 2,900.00 |
| Lt 9 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 229 | 21237 | .81 acres | 4,050.00 |
| Lt 10 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 230 | 21238 | .99 acres | 4,950.00 |
| Lt 11 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 231 | 21239 | .96 acres | 4,800.00 |
| Lt 12 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 232 | 21240 | .60 acres | 3,000.00 |

D. Taggart 4/30/2006

# C R E PROPERTIES LLC
## Warren County

### REAL PROPERTY

| ADDRESS | COUNTY | DEED BOOK/PAGE | PLAT BOOK/PAGE | TAX MAP # | PROPERTY ID # | LEGAL DESCRIPTION | APPRAISED VALUE |
|---|---|---|---|---|---|---|---|
| Lot 13 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 233 | 21241 | .57 acres | 2,850.00 |
| Lot 14 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 234 | 21242 | .57 acres | 2,850.00 |
| Lot 15 Baltimore Pines Long Leaf Lane | Warren | 703/946 | 1/163A/9 | F6 235 | 21243 | .59 acres | 2,950.00 |
| Lot 16 Baltimore Pines Long Leaf & Ponderosa Lanes | Warren | 703/946 | 1/163A/9 | F6 236 | 21244 | .67 acres | 3,350.00 |
| Lot 17 Baltimore Pines Ponderosa Lane | Warren | 703/946 | 1/163A/9 | F6 237 | 21245 | .60 acres | 3,000.00 |
| Lot 18 Baltimore Pines Ponderosa Lane | Warren | 703/946 | 1/163A/9 | F6 238 | 21246 | .70 acres | 3,500.00 |
| Lot 19 Baltimore Pines Ponderosa Lane | Warren | 703/946 | 1/163A/9 | F6 239 | 21247 | .51 acres | 2,550.00 |
| Lot 20 Baltimore Pines Ponderosa Lane | Warren | 703/946 | 1/163A/9 | F6 240 | 21248 | .56 acres | 2,800.00 |

D. Taggart 4/30/2006



# C R E PROPERTIES LLC
## Warren County

### REAL PROPERTY

| ADDRESS | COUNTY | DEED BOOK/PAGE | PLAT BOOK/PAGE | TAX MAP # | PROPERTY ID # | LEGAL DESCRIPTION | APPRAISED VALUE |
|---|---|---|---|---|---|---|---|
| Lt 21 Baltimore Pines Ponderosa Lane | Warren | 703/946 | 1/163A/9 | F6 241 | 21249 | .62 acres | 3,100.00 |
| Lt 22 Baltimore Pines White Pine Lane | Warren | 703/946 | 1/163A/9 | F6 242 | 21250 | .70 acres | 3,500.00 |
| Lt 23 Baltimore Pines White Pine Lane | Warren | 703/946 | 1/163A/9 | F6 243 | 21251 | .59 acres | 2,950.00 |
| Lt 24 Baltimore Pines White Pine Lane | Warren | 703/946 | 1/163A/9 | F6 244 | 21252 | .54 acres | 2,700.00 |
| Lt 25 Baltimore Pines White Pine Lane | Warren | 703/946 | 1/163A/9 | F6 245 | 21253 | .60 acres | 3,000.00 |
| Lt 26 Baltimore Pines White Pine & Ponderosa Lanes | Warren | 703/946 | 1/163A/9 | F6 246 | 21254 | .69 acres | 3,450.00 |
| Lt 27 Baltimore Pines Loblolly & Ponderosa Lanes | Warren | 703/946 | 1/163A/9 | F6 247 | 21255 | .64 acres | 3,200.00 |
| Lt 28 Baltimore Pines Loblolly Lane | Warren | 703/946 | 1/163A/9 | F6 248 | 21256 | .59 acres | 2,950.00 |
| Lt 29 Baltimore Pines Loblolly Lane | Warren | 703/946 | 1/163A/9 | F6 249 | 21257 | .58 acres | 2,900.00 |

D. Taggart 4/30/2006



# C R E PROPERTIES LLC
## Warren County

### REAL PROPERTY

| ADDRESS | COUNTY | DEED BOOK/PAGE | PLAT BOOK/PAGE | TAX MAP # | PROPERTY ID # | LEGAL DESCRIPTION | APPRAISED VALUE |
|---|---|---|---|---|---|---|---|
| 30 Baltimore Pines Loblolly Lane | Warren | 703/946 | 1/163A/9 | F6 250 | 21258 | .60 acres | 3,000.00 |
| 31 Baltimore Pines Loblolly Lane | Warren | 703/946 | 1/163A/9 | F6 251 | 21259 | .75 acres | 3,750.00 |
| 33 Baltimore Pines Baltimore Rd & Loblolly Lane | Warren | 703/946 | 1/163A/9 | F6 253 | 21261 | .69 acres | 3,450.00 |
| 34 Baltimore Pines Baltimore Rd & Loblolly Lane | Warren | 703/946 | 1/163A/9 | F6 254 | 21262 | .69 acres | 3,450.00 |
| 35 Baltimore Pines Baltimore Rd & Loblolly Lane | Warren | 703/946 | 1/163A/9 | F6 255 | 21263 | .69 acres | 3,450.00 |
| | | | | | | | $109,850.00 |

Warranty Deed (Book 703 Page 946) dated April 11, 2001.

D. Taggart 4/30/2006

